UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

| Case No. | 5:25-cv-01842-JAK (SSCx) | Date | 12/08/22025 |
|---|---|---|---|
| Title | Charles Leger v. Old Dominion Freight Line, Inc., et al. | | |

| Present: The Honorable | JOHN A. KRONSTADT, UNITED STATES DISTRICT JUDGE |
|---|---|
| M. Lindaya | Not Reported |
| Deputy Clerk | Court Reporter / Recorder |
| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
| Not Present | Not Present |

**Proceedings:** **(IN CHAMBERS) ORDER RE PLAINTIFF'S MOTION TO REMAND (DKT. 11); DEFENDANT'S REQUEST TO STRIKE (DKT. 19); DEFENDANT'S EVIDENTIARY OBJECTIONS (DKT. 20)**
**[JS-6: CASE TERMINATED/REMANDED]**

**I.    Introduction**

On December May 16, 2025, Charles Leger ("Leger" or "Plaintiff"), brought this action "on behalf of all aggrieved employees" against Old Dominion Freight Line, Inc. ("Defendant" or "ODFL"), and Does 1–10 (collectively, "Defendants"), in the San Bernardino Superior Court, asserting claims arising from the Private Attorneys General Act of 2004 ("PAGA"). Dkt. 1, Ex. A. The Complaint advances five causes of action: (i) meal and rest period violations pursuant to Cal. Lab. Code § 2698 *et seq.*; (ii) minimum wage violations pursuant to Cal. Lab. Code § 2698 *et seq.*; (iii) wage statement violations pursuant to Cal. Lab. Code § 2698 *et seq.*; (iv) failure to reimburse pursuant to Cal. Lab. Code § 2698 *et seq.*; and (v) failure to pay wages upon separation pursuant to Cal. Lab. Code § 2698 *et seq*. *Id.* ¶¶ 19–58. On July 21, 2025, Defendant filed a notice of removal on the basis of diversity jurisdiction under 28 U.S.C. §§ 1332(a) & 1446 (the "Notice of Removal"). Dkt. 1.

On August 19, 2025, Plaintiff filed a Motion for Remand (the "Motion"), which included a request for an award of attorney's fees incurred by Plaintiff due to Defendant's removal of the action (the "Request for Attorney's Fees"). Dkt. 11-2. On September 12, 2025, Defendant filed an opposition (the "Opposition"). Dkt. 17. On September 19, 2025, Plaintiff filed a reply (the "Reply"). Dkt. 18. Plaintiff's counsel and Plaintiff both attached declarations in support of the Reply. *See* Dkt. 18-1 ("Yaeckel Decl."); Dkt. 18-2 ("Leger Decl.").

On September 22, 2025, Defendant filed Objections to and Request to Strike and/or Disregard New Evidence Submitted by the Plaintiff for the First Time on Reply and Plaintiff's Reply Arguments Based Thereon (the "Request to Strike" (Dkt. 19)), and evidentiary objections to the Leger Decl. (the "Evidentiary Objections" (Dkt. 20)). On September 23, 2025, Plaintiff filed an opposition to the Request to Strike ("Opp to Request to Strike"). Dkt. 21.

In accordance with Local Rule 7-15, a determination was made that the Motion could be decided without oral argument, and it was taken under submission. Dkt. 25. For the reasons stated in this Order, the Motion is **GRANTED** and the Request for Attorney's Fees is **DENIED.**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:25-cv-01842-JAK (SSCx) | Date | 12/08/22025 |
|---|---|---|---|
| Title | Charles Leger v. Old Dominion Freight Line, Inc., et al. | | |

## II.  Background

### A.  Parties

The Complaint alleges that "all parties are residents of, or do business within, the State of California." Dkt. 1, Ex. A ¶ 1. It also alleges that Defendant is a Virginia corporation that does business throughout California, including in San Bernardino County. *Id.* ¶ 3.

### B.  Allegations in the Complaint

It is alleged that Plaintiff was employed by Defendant from approximately 2014 through December 20, 2025. Dkt. 1, Ex. A ¶ 7.[1]

It is alleged that, throughout the terms of their respective employment by Defendant, Plaintiff and other employees were, and those other employees currently are, denied the benefits and protections of the California Labor Code due to Defendant's pay practices. *Id.* ¶ 8. It is alleged that Defendant has not established a compliant Meal and Rest Period policy and that Defendant would pressure employees either to skip or cut short Meal and Rest Periods. *Id.* ¶¶ 25–27. It is alleged that on March 21, 2024, Plaintiff worked a 6-hour-and-10-minute transporting shift before receiving a meal period, and that no penalty was paid for that pay period. *Id.* ¶ 27.

It is also alleged that Defendant failed to keep accurate time records of employees' start and end times, because Defendant would alter or deduct time from the records it received from employees prior to calculating their compensation. *Id.* ¶ 36. It is alleged that Defendant has failed to provide Plaintiff and other aggrieved employees with accurate itemized wage statements and has provided inaccurate statements of their "gross" and "net" wages. *Id.* ¶ 41. It is alleged that Defendant failed to reimburse employees for necessary business expenditures incurred in direct consequence of the discharge of their duties, such as for mileage and cell-phone use. *Id.* ¶ 48. Further, it is alleged that Defendant failed to provide Plaintiff and other aggrieved employees with all wages earned at the time of the termination of their employment. *Id.* ¶ 54.

It is alleged that, on February 5, 2025, Plaintiff's counsel submitted a letter to the LWDA, and to Defendant by USPS certified mail, regarding the specific provisions of the California Labor Code alleged to have been violated by Defendant as well as supporting factual allegations. *Id.* ¶ 9. As noted, a copy of the letter was attached to the Complaint (*see id.* at 34–39 (the "Letter")) and alleges that Plaintiff was employed between March 31, 2024 through January 20, 2025. *Id.* at 36. It is alleged that, the statutory time period for the LWDA to investigate or respond has concluded. *Id.* ¶ 10.

---

[1] In support of the Motion, Plaintiff contends that the alleged December 20, 2025 end date was a typographical error, and that Plaintiff was terminated by Defendant on January 20, 2025. *See* Dkt. 11-2 at 15. Plaintiff's letter to the Labor and Workforce Development Agency (the "LDWA") supports this position. *See* Dkt. 1, Ex. A at 35–36. Further, because the allegation is: "Plaintiff was employed by Defendant from approximately 2014 through December 20, 2025," and the Complaint was filed on May 16, 2025, this assertion is supported by common sense. It is also supported by the February 5, 2025 letter sent by Plaintiff's counsel to the California Labor and Workforce Development Agency (the "LWDA"), a copy of which is attached to the Complaint. It states that Plaintiff was employed through January 20, 2025.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:25-cv-01842-JAK (SSCx) | Date | 12/08/22025 |
|---|---|---|---|
| Title | Charles Leger v. Old Dominion Freight Line, Inc., et al. | | |

**III.     Analysis**

    A.     Motion to Remand

        1.     Legal Standards

Except as prohibited by Congress, any civil action brought in a state court may be removed by the defendant to a federal court if, at the time of removal, there is original jurisdiction over the action. 28 U.S.C. § 1441(a). Original jurisdiction may be established through federal question jurisdiction or diversity jurisdiction. 28 U.S.C. §§ 1331, 1332. Federal question jurisdiction is present "when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987); *see also* 28 U.S.C. § 1331. Diversity jurisdiction is present where the amount in controversy exceeds $75,000 and the adverse parties are citizens of different states. *See* 28 U.S.C. §§ 1332, 1441.

A motion to remand is the procedural means to challenge the removal of an action. *Moore-Thomas v. Alaska Airlines, Inc.*, 553 F.3d 1241, 1244 (9th Cir. 2009). A motion to remand may raise either a facial or a factual challenge to the defendant's jurisdictional allegations made in support of removal. *Leite v. Crane Co.*, 749 F.3d 1117, 1122 (9th Cir. 2014). "A facial attack accepts the truth of the [jurisdictional] allegations but asserts that they are insufficient on their face to invoke federal jurisdiction." *Harris v. KM Indus., Inc.*, 980 F.3d 694, 699 (9th Cir. 2020) (quoting *Salter v. Quality Carriers*, 974 F.3d 959, 964 (9th Cir. 2020) (internal quotation marks omitted). In contrast, a factual attack "contests the truth of the [jurisdictional] factual allegations, usually by introducing evidence outside the pleadings." *Id.* (quoting *Salter*, 974 F.3d at 964 (internal quotation marks omitted)).

In response to a facial attack, the defendant is not required to present evidence in support of removal jurisdiction. *Ehrman v. Cox Commc'ns, Inc.*, 932 F.3d 1223, 1228 (9th Cir. 2019). Thus, when the moving party does not contest the factual allegations made the removal notice but instead asserts that those allegations are facially insufficient to show federal jurisdiction, the factual allegations are deemed true and all reasonable inferences are drawn in favor of the removing party. *DeFiore v. SOC LLC*, 85 F.4th 546, 552 (9th Cir. 2023).

Only upon a factual attack must a defendant support its allegations with competent and admissible evidence that establishes them under the preponderance of the evidence standard. *Leite*, 749 F.3d at 1122; *see also Arias v. Residence Inn by Marriott*, 936 F.3d 920, 925 (9th Cir. 2019) (quoting *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 88 (2014)) (when removal is challenged, "both sides submit proof and the court decides, by a preponderance of the evidence," whether the elements of removal have been satisfied).

Because federal courts are ones of limited jurisdiction, the removal statute is to be strictly construed; any doubt about removal is to be resolved in favor of remand. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) (citing *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir. 1979)). "If a case is improperly removed, the federal court must remand the action because it has no subject-matter jurisdiction to decide the case." *ARCO Env't. Remediation, L.L.C. v. Dep't of Health & Env't. Quality of Mont.*, 213 F.3d 1108, 1113 (9th Cir. 2000).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:25-cv-01842-JAK (SSCx) | Date | 12/08/22025 |
|---|---|---|---|
| Title | Charles Leger v. Old Dominion Freight Line, Inc., et al. | | |

      2.      <u>Application</u>

           (a)      Diversity of Citizenship

To justify removal based on diversity jurisdiction, the removing party has the burden of pleading minimal diversity. *Abrego Abrego v. Dow Chem. Co.*, 443 F.3d 676, 685 (9th Cir. 2006). Complete diversity of citizenship is required, *i.e.,* "the citizenship of each plaintiff [must be] different from that of each defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)). With respect to diversity jurisdiction, an individual is a citizen of the state where he or she is domiciled. *Kanter v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001). A person's domicile is his or her permanent home, which is where he or she resides with the intention to remain or to which he or she intends to return. *Id.* (citing *Lew v. Moss*, 797 F.2d 747, 749 (9th Cir. 1986)).

Consistent with the Complaint, the Notice of Removal alleges that Plaintiff is a citizen of California. Dkt. 1 ¶ 12; Dkt. 1, Ex. A ¶ 1. Also consistent with the Complaint, the Notice of Removal alleges that Defendant is a Virginia corporation. Dkt. 1 ¶ 13; Dkt. 1, Ex. A ¶ 3. The Notice of Removal also alleges that Defendant's principal place of business is Thomasville, North Carolina. Dkt. 1 ¶ 13; *see also* https://bizfileonline.sos.ca.gov/search/business (search: "Old Dominion Freight Line").

Plaintiff has not proffered any evidence about his domicile or citizenship. Plaintiff does not contest diversity of citizenship between him and Defendant. Rather, Plaintiff argues that in a PAGA action, the state of California is the "real party in interest," not Plaintiff, and because "a state, is not a 'citizen' for the purposes of diversity jurisdiction," there can be no diversity jurisdiction in a PAGA-only action. *See* Dkt. 11-2 at 9. Plaintiff contends that this position is supported by *Urbino v. Orkin Services of California, Inc.*, 726 F.3d 1118 (9th Cir. 2013).

*Urbino* held that the amount in controversy for a PAGA action could not be determined by looking at the aggregate of the claims of all aggrieved employees. 726 F.3d at 1122. *Urbino* distinguished the aggregation of claims in a PAGA action from a situation where "a single plaintiff seeks to aggregate two or more of his own claims against a single defendant." *Id.* (quoting *Snyder v. Harris*, 349 U.S. 332, 335 (1969)). The Ninth Circuit was not persuaded by the defendant's argument that claims should be aggregated because a plaintiff does not assert his "individual interest but rather the state's collective interest in enforcing its labor laws through PAGA." *Id.* Rather, *Urbino* determined that, because "[t]he state, as the real party in interest, is not a 'citizen' for diversity purposes," it is only the plaintiff's "individual interest," that "satisfies the requirements of federal diversity jurisdiction," as opposed to the benefit that "will inure to the state." *Id.* at 1122–23. Similarly, in addressing diversity of citizenship in an unpublished decision that cited *Urbino*, the Ninth Circuit held that, "California's presence as a real party in interest to [a plaintiff's PAGA] claim does not destroy the diversity between the parties." *Chavez v. Time Warner Cable, LLC*, 728 F. App'x 645, 647 (9th Cir. Mar. 22, 2018) (mem.). *Chavez* is persuasive.

Because it has been sufficiently alleged that Defendant and Plaintiff are citizens of different states, the diversity of citizenship requirement is satisfied.

           (b)      Amount in Controversy

When an action is removed based on diversity jurisdiction, the removing party bears the burden of

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-01842-JAK (SSCx) | Date | 12/08/22025 |
| Title | Charles Leger v. Old Dominion Freight Line, Inc., et al. | | |

proving that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a). "[T]he amount in controversy includes all relief claimed at the time of removal to which the plaintiff would be entitled if she prevails." *Chavez v. JPMorgan Chase & Co.*, 888 F.3d 413, 418 (9th Cir. 2018). Thus, "[t]he amount in controversy may include 'damages (compensatory, punitive, or otherwise) and the cost of complying with an injunction, as well as attorneys' fees awarded under fee shifting statutes.'" *Id.* at 416 (quoting *Gonzales v. CarMax Auto Superstores, LLC*, 840 F.3d 644, 648–49 (9th Cir. 2016)). The amount in controversy is assessed at the time of removal. *Id.* at 417. Thus, it "is determined by the complaint operative at the time of removal and encompasses all relief a court may grant on that complaint if the plaintiff is victorious." *Id.* at 415. "The amount in controversy is simply an estimate of the total amount in dispute, not a prospective assessment of defendant's liability." *Lewis v. Verizon Commc'ns, Inc.*, 627 F.3d 395, 400 (9th Cir. 2010).

"If the plaintiff's complaint, filed in state court, demands monetary relief of a stated sum, that sum, if asserted in good faith, is 'deemed to be the amount in controversy.'" *Dart Cherokee Basin Operating Co., LLC*, 574 U.S. at 84 (quoting 28 U.S.C. § 1446(c)(2)). "When the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Id.* (citing 28 U.S.C. § 1446(c)(2)(A)). A defendant's notice of removal "need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89 (citing 28 U.S.C. § 1446(a)). If the plaintiff contests the defendant's allegation, then the defendant must prove by a preponderance of the evidence that the amount-in-controversy exceeds $75,000. *Id.* (citing 28 U.S.C. § 1446(c)(2)(B)). The parties "may submit evidence outside the complaint, including affidavits or declarations, or other 'summary-judgment-type evidence relevant to the amount in controversy at the time of removal.'" *Ibarra v. Manheim Invs., Inc.*, 775 F.3d 1193, 1197 (9th Cir. 2015) (quoting *Singer v. State Farm Mut. Auto. Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997)). Additionally, the defendant may rely on "reasonable assumptions underlying the defendant's theory of damages exposure." *Id.* at 1198.

        (i)    <u>Attorney's Fees</u>

"[W]here an underlying statute authorizes an award of attorneys' fees, either with mandatory or discretionary language, such fees may be included in the amount in controversy." *Shoner v. Carrier Corp.*, 30 F.4th 1144, 1148 (9th Cir. 2022) (quoting *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1156 (9th Cir. 1998)). Under PAGA, "[a]ny employee who prevails in any action shall be entitled to an award of reasonable attorney's fees and costs." Cal. Lab. Code § 2699(k)(1). Further, "[w]here, as here, it is unclear or ambiguous from the face of a state-court complaint whether the requisite amount in controversy is pled, the removing defendant bears the burden of establishing, by a preponderance of the evidence, that the amount in controversy exceeds the jurisdictional threshold." *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 794 (9th Cir. 2018) (quoting *Urbino*, 726 F.3d at 1121–22). Thus, "[t]he defendant retains the burden, however, of proving the amount of future attorneys' fees by a preponderance of the evidence." *Id.* at 788.

Through the Notice of Removal, Defendant alleges that the amount of attorney's fees in controversy for Plaintiff's individual PAGA claims total at least $75,000. Dkt. 1 ¶ 49. Defendant estimates that Plaintiff will be seeking an award of attorney's fees based on a lodestar of at least 150 hours at not less than $500 per hour if the matter is litigated through trial and in Plaintiff's favor on his individual PAGA claims. *Id.*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-01842-JAK (SSCx) | Date | 12/08/22025 |
| Title | Charles Leger v. Old Dominion Freight Line, Inc., et al. | | |

Plaintiff argues that Defendant inappropriately aggregates the attorney's fee estimate for a representative PAGA action. Dkt. 11-2 at 10. Plaintiff argues that, pursuant to *Canela v. Costco Wholesale Corp.*, only a pro rata share of attorney's fees attributable to plaintiff may be considered in determining whether the amount in controversy is met. 971 F.3d 845, 849–50 (9th Cir. 2020). Thus, Plaintiff contends that the amount of attorney's fees should be allocated equally among the number of alleged aggrieved employees. Dkt. 11-2 at 11. Based on that position, because it is alleged that there are at least 1000 aggrieved employees in the Complaint, and Defendant estimates $75,000 in attorney's fees, Plaintiff contends that the pro rata share of attorney's fees applicable to him would be $75. *Id.*

Defendant responds that, although Plaintiff seeks to litigate non-individual PAGA claims, the Notice of Removal only considered the attorney's fees that would be attributable to Plaintiff's *individual* PAGA claims, when calculating the alleged amount in controversy. Dkt. 17 at 22–23. Further, Defendant contends that its estimate is conservative and comparable to what has been calculated in other individual wage and hour cases. *Id.* at 24, n.11.

Plaintiff replies that, because he brought the action in a "representative capacity," Defendant's calculation of attorney's fees that is limited to what would be expended on Plaintiff's individual claims, is improper. Dkt. 18 at 9. Further, Plaintiff argues that attorney's fees are typically calculated as a share of the total recovery in a PAGA action, often as 25% or 33.33% of the recovery. *Id.* at 9–10.

Defendant has not made an adequate showing as to the calculation of attorney's fees in a PAGA action. As noted, it has been determined that the amount in controversy in a PAGA action cannot be satisfied by aggregating the PAGA penalties an individual plaintiff seeks with those of the non-party aggrieved employees. *Urbino*, 726 F.3d at 112–23. Following *Urbino*, the same logic has been applied to the consideration of attorney's fees. *See Canela*, 971 F.3d at 850 (applying the pro rata share of civil penalties and the pro rate share of attorney's fees to calculate the amount in controversy) (citing *Gibson v. Chrysler Corp.*, 261 F.3d 927, 942 (9th Cir. 2001).

Rather than providing the total estimated amount of attorney's fees for the entirety of the action and pro-rating it among the number of aggrieved employees alleged in the action, Defendant contends it has provided an estimate of attorney's fees "for reasonably projected work to litigate Plaintiff's *individual* PAGA claims." Dkt. 17 at 24 (emphasis in original). Defendant contends that the estimate includes hours that will be spent litigating those claims through written discovery and related motions, non-expert depositions, non-discovery motion practice, expert witness discovery and depositions, trial preparation and trial, and post-trial motions. *Id.* at 23. However, as other district courts in this Circuit have determined, estimating attorney's fees by assessing hours spent solely on a plaintiff's individual claims "fails to fully account for the impact of Plaintiff's representative PAGA action." *Cohen v. Regal Cinemas, Inc.*, No. 2:25-cv-00770-DJC-CKD, 2025 WL 1860286, at *4 (E.D. Cal. July 7, 2025); *accord Tercero v. C&S Logistics of Sacramento/Tracy LLC*, No. 2:24-cv-02228-DC-JDP, 2024 WL 4818750, at *5 (E.D. Cal. Nov. 18, 2024) (declining to credit defendants' estimate of attorney's fees in PAGA action because in part, the "estimate includes legal work that will inevitably involve [p]laintiff's representative claim, including discovery, pretrial motions, trial, and post-trial motions"); *Rodriguez v. Goodrich Corp.*, No. 14-cv-01026-JAM-AC, 2014 WL 3842904, at *4 (E.D. Cal. Aug. 1, 2014) (defendants' attorney's fees estimates were not based solely on fees applicable to plaintiff because they include pretrial activities

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 5:25-cv-01842-JAK (SSCx) | Date | 12/08/22025 |
| Title | Charles Leger v. Old Dominion Freight Line, Inc., et al. | | |

that "would be conducted on behalf of the entire putative class, not merely [p]laintiff as an individual"); *see Jurado v. Aequor Healthcare Servs., LLC*, No. 2:21-cv-02633-VAP-ASx, 2021 WL 2178846, at *2 (C.D. Cal. May 27, 2021) (agreeing with *Rodriguez* and declining to consider estimate of attorney's fees "based solely on fees applicable to the named plaintiff," where the estimate includes legal work that is performed on behalf of an entire class in a class action); *see also Lamar v. Wyndham Vacation Resorts, Inc.*, No. 25-cv-04191-JST, 2025 WL 1823114, at *2 (N.D. Cal. July 2, 2025) (rejecting an attorney's fees estimate based on plaintiff's claims alone, because the case is "a putative class action, not an individual wage-and-hour case, and [d]efendants include no analysis on what a reasonable attorney's fee in this class case might be").

For these reasons, the evidence proffered and arguments made by Defendant are insufficient to show by a preponderance of the evidence that $75,000 in attorney's fees would be attributable solely to Plaintiff's individual claims, as opposed to the claims of Plaintiff and all others included within the PAGA claims.

    (ii)  PAGA Penalties

Through the Notice of Removal, Defendant alleges that the amount in controversy for Plaintiff's individual PAGA claims is $36,325.00. Dkt. 1 ¶ 51. Defendant has based this estimate on the allegations in the Complaint, including that Plaintiff was employed from 2014 through December 20, 2025. Dkt. 1 ¶ 20. Defendant further alleges that it "understands Plaintiff to be seeking to recover PAGA penalties for violations he has allegedly suffered from February 5, 2024 – *i.e.*, one-year prior to the date of his notice to the [LWDA] – to the present [*i.e.*, July 21, 2025]."

Plaintiff responds that Defendant's calculation of the amount in controversy as to Plaintiff's PAGA claims is inaccurate. In support of this position, Plaintiff contends that PAGA penalties cannot be "stacked," and that Defendant improperly calculated the number of pay periods at issue. Dkt. 11-2 at 12–16. Plaintiff asserts that there are only 47 pay periods at issue, in contrast to the 76 Defendant calculated, because Plaintiff alleges that he was terminated by Defendant on January 20, 2025. *Id.* at 15–16. Thus, Plaintiff calculates that the amount in controversy for PAGA penalties is $23,922.50 if stacking is permitted, or $9852.50 without stacking. *Id.* at 15.

A review of the disputed amounts in controversy as to Plaintiff's individual PAGA claim shows that the $75,000 jurisdictional threshold has not been met. Thus, even if Defendant's allegations were accepted as true, the $36,325 estimate for PAGA penalties alone, is insufficient to establish more than $75,000 in controversy. Thus, it is unnecessary to evaluate further the estimates of the parties.

Accordingly, Defendant has not met its burden to prove by a preponderance of the evidence that the amount in controversy exceeds $75,000 and thus cannot establish diversity jurisdiction.

  B.  Request for Attorney's Fees

Pursuant to 28 U.S.C. § 1447(c), an order remanding a removed case "may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." The Supreme Court has held that, "absent unusual circumstances, attorney's fees should not be awarded when the removing party has an objectively reasonable basis for removal." *Martin v. Franklin Capital*

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**

| Case No. | 5:25-cv-01842-JAK (SSCx) | Date | 12/08/22025 |
|---|---|---|---|
| Title | Charles Leger v. Old Dominion Freight Line, Inc., et al. | | |

*Corp.*, 546 U.S. 132, 136 (2005).

Plaintiff requests that Defendant be ordered to pay Plaintiff's attorney's fees incurred as a result of the removal. Dkt. 11-2 at 19. In support of this position, Plaintiff argues that "it is clear that representative PAGA-only actions are not removable, regardless of the amount in controversy," and Defendant's "arguments concerning the amount in controversy contain clear mathematical errors and miscalculations throughout." *Id.* Defendant responds that its "analysis, evidence and arguments set forth [in the Opposition] detail its objectively reasonable basis for removing this action," and that Plaintiff has not identified any "*unusual circumstances* to justify departing from" the general rule set forth in *Martin*. Dkt. 17 at 26 (emphasis in original).

The arguments advanced by Plaintiff do not show that Defendant lacked an "objectively reasonable basis for removal." *Martin*, 546 U.S. at 136. Rather, Defendant's arguments as to *Urbino* and the diversity of the parties were more than objectively reasonable; they were persuasive on the issue. *See supra* III.A.2.a. Further, Plaintiff's contention that Defendant made mathematical errors and miscalculations in alleging the amount in controversy does show that it acted unreasonably. Although it has been determined that Defendant did not make a sufficient showing that the amount of attorney's fees in controversy is sufficient to meet or exceed the jurisdictional threshold, and other courts in this Circuit have rejected Defendant's analytical approach, this is not a sufficient basis to warrant an award of attorney's fees incurred by Plaintiff due to the removal.

   C.  Request To Strike & Evidentiary Objections

As noted, in opposition to the Reply, Defendant filed both a Request to Strike new arguments made in the Reply and Evidentiary Objections to the Leger Decl. attached to the Reply. Dkts. 19, 20. The Request to Strike and the Evidentiary Objections are both **DENIED AS MOOT** because none of the matters to which objections were made is a basis for this Order.

**IV.**  <u>**Conclusion**</u>

For the reasons stated in this Order, the Motion is **GRANTED**. This matter is **REMANDED** to the San Bernardino Superior Court, at No. CIVSB2515091. All other pending dates and deadlines in this action are vacated.

**IT IS SO ORDERED.**

                                          :

Initials of Preparer    LC2